Fair Rest Home, Petitioner *v.* Commonwealth of Pennsylvania, Department of Health, Respondent.

Argued February 9, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*James H. Owen*, with him *Nickleach and Owen*, for petitioner.

*David F. Phifer*, Assistant Attorney General, with him *Jennifer A. Stiller*, Assistant Attorney General, and *Arthur T. McDermott*, Assistant Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., May 29, 1979:

Fair Rest Home (Petitioner) appeals an order of the Department of Health (Department) which revoked its license to operate a nursing home. It calls for remand and we so order.

The Department, without hearing and in reliance on an adjudication after full hearing by the Industrial Board of the Department of Labor and Industry (Industrial Board), revoked Petitioner's license.

Did the Department violate due process by failing to hold a hearing before it ordered revocation?

Fair Rest Home was established on April 9, 1950. On January 23, 1975, an inspection by an agent of the Department of Labor and Industry revealed a number of safety deficiencies. On October 24, 1975, a reinspection found a majority of the deficiencies to have gone uncorrected. On April 26, 1977, the Industrial Board, following a full hearing, issued an order which would effect the gradual phasing out of nursing home operations.

The Department contends that it need not hold a hearing prior to adjudication because the Industrial Board had made a final adjudication following a full hearing. Continuing its contention, they argue that 2 Pa.C.S. §504[1] does not necessarily require a hearing by the body which issued the final adjudication if the parties have had a reasonable opportunity to be heard by a "related" state agency. With this strained but ingenious interpretation we cannot agree. The clear language of the statute dictates that no adjudication shall be valid without first there having been given an opportunity to be heard.

Revocation of a nursing home license is not mandatory. The Department lapses when in a revocation proceeding it does not give careful consideration to its statutorily mandated responsibility to hear testimony. The concerns of the Department, including but not limited to consideration of mitigating factors, differing as they might from the concerns of a sister agency, require full exposition before the final authority or due process is not met.

Accordingly, we

---

[1] No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings.

## ORDER

AND Now, this 29th day of May, 1979, the order of the Department of Health dated November 25, 1977, revoking the license of the Fair Rest Home is reversed and we remand to the Department of Health for the purpose of providing a full hearing on the matter of revocation of the nursing home license of the Fair Rest Home.